# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN H. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE McLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. McGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELAINA S. BROUSSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN

ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA K. PARKER
THOMAS S. KESSLER
JONATHAN MENDES DE OLIVEIRA
BRANDON M. HAMMER
KYLIE N. BARZA
NICKOLAS BOGDANOVICH
MATTHEW G. BRIGHAM
RESIDENT PARTNERS

JUDITH KASSEL
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
CATHERINE E. GRIMM
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANIGHORBANI
JOSHUA PANAS
CHARITY E. LEE
RESIDENT COUNSEL

D: +1 212 225 2333
memcdonald@cgsh.com

January 18, 2024

<u>VIA ECF</u>

The Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
United States Courthouse
500 Pearl Street,
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED**

_____
John G. Koeltl, U.S.D.J.

1/19/24

Re: **Thales Avionics, Inc. v. L3 Technologies, Inc.**, No. 24-cv-112 (JGK)

Dear Judge Koeltl:

I write on behalf of Plaintiff Thales Avionics, Inc. ("Plaintiff" or "Thales Avionics") pursuant to Article VI(2) of Your Honor's Individual Practices to respectfully request leave to file under seal certain documents in support of Plaintiff's request for a preliminary injunction in aid of arbitration.

In particular, Thales Avionics seeks permission (i) to file in redacted form the Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction in Aid of Arbitration, dated January 18, 2024; and (ii) to file under seal the Declaration of Philippe More in Support of Plaintiff's Motion for a Preliminary Injunction, dated January 18, 2024 (the "More Declaration") and fourteen Exhibits to the More Declaration (collectively, the "Confidential Documents"):

- Exhibit 1 – Confidentiality Agreement between Thales, S.A. and L3Harris Technologies, Inc., dated May 24, 2023;

- Exhibit 2 – Letter from D. Gittsovich (L3 Technologies, Inc. or "L3T") to A. Woods (Thales Avionics), dated August 9, 2023;

Hon. John G. Koeltl, p. 2

- Exhibit 3 – Letter from Y. Assouad (Thales Avionics) to C. Kubasik (L3T), dated November 14, 2023;

- Exhibit 4 – Emails between E. Kerjouan (Thales Avionics) and D. Gittsovich (L3T), dated November 7 – 14, 2023;

- Exhibit 5 – Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated November 24, 2023;

- Exhibit 8 – Letter from A. Woods (Thales Avionics) to M. St. Mary (L3T), dated November 29, 2023;

- Exhibit 9 – Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated December 4, 2023;

- Exhibit 10 – Draft Membership Interest Purchase Agreement, attached to the Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated December 4, 2023;

- Exhibit 11 – Letter from A. Woods (Thales Avionics) to M. St. Mary (L3T), dated December 11, 2023;

- Exhibit 12 – Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated December 12, 2023;

- Exhibit 13 – Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated December 15, 2023;

- Exhibit 14 – Letter from A. Woods (Thales Avionics) to M. St. Mary (L3T), dated December 20, 2023;

- Exhibit 15 – Letter from M. St. Mary (L3T) to A. Woods (Thales Avionics), dated December 27, 2023; and

- Exhibit 16 – Request for Arbitration submitted to the International Court of Arbitration of the International Chamber of Commerce, dated January 16, 2023.

In ruling on a motion to seal, the Court must balance the public's interest in access to judicial documents against the purposes asserted to justify sealing and/or redactions, such as privacy or secrecy interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "Established factors and values that can outweigh the presumption of public access include . . . business secrecy . . . and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). Courts have granted motions to seal commercially sensitive information, which, if disclosed, could cause competitive harm. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy); *GoSMiLE, Inc. v.*

Hon. John G. Koeltl, p. 3

*Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (permitting party to file materials under seal that contained proprietary information); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed). *Cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

     Plaintiff has no objection to filing any of these documents publicly. However, the Confidential Documents contain information that is governed by a Confidentiality Agreement as of May 24, 2023 between Plaintiff's and Defendant's parent companies (which either indirectly or indirectly own Plaintiff and Defendant, respectively) (the "Confidentiality Agreement") pursuant to which the parties agreed to maintain as confidential certain materials relating to L3T's efforts to sell its entire avionics business. *See* More Decl. Ex. 1. Specifically, the Confidentiality Agreement provides that "financial, technical, product, sales, asset, liability" information, and "all other information and materials" about the operations and avionics business of L3T, as well as any potential transaction involving that business, provided to Plaintiff or Plaintiff's parent company should be kept "strictly confidential." *Id.* at 1-2.

     In its communications with Plaintiff, Defendant has maintained that all documents and communications furnished to Plaintiff that relate to Defendant's efforts to sell its entire avionics business are confidential under the Confidentiality Agreement. All of the Confidential Documents that Plaintiff is seeking to file under seal relate to Defendant's efforts to sell its avionics business.

     Plaintiff acknowledges that Your Honor's Individual Practices state that "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)." Individual Practices of Judge John G. Koeltl, dated July 6, 2022, Art. VI(A)(2). However, as explained in the Declaration of Katie L. Gonzalez, dated January 18, 2024 and submitted herewith, we have been unable to confer with Defendant's counsel to date, who has not yet appeared in this action. Accordingly, out of an abundance of caution, while Plaintiff has no objections to the Confidential Documents being made public, Plaintiff respectfully asks that the Court provisionally grant this Motion until Defendant has an opportunity to be heard on whether any or all of the Confidential Documents should be kept under seal.

## CONCLUSION

     Based on the foregoing, Plaintiff respectfully requests that the Court enter an Order allowing Plaintiff to file the Confidential Documents under seal.

Hon. John G. Koeltl, p. 4


Dated: New York, New York
       January 18, 2024

                                    *Respectfully submitted,*

                                    CLEARY GOTTLIEB STEEN &
                                    HAMILTON LLP


                                    Mark E. McDonald
                                    Katie L. Gonzalez
                                    One Liberty Plaza
                                    New York, NY 10006
                                    Tel: (212) 225-2000
                                    memcdonald@cgsh.com
                                    kgonzalez@cgsh.com

                                    *Attorneys for Plaintiff Thales Avionics, Inc.*