# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 29, 2024

> Defendant's application is GRANTED. Defendant's Opposition and the Gittsovich Declaration shall be filed in redacted form. ECF Nos. 32 and 35 shall remain under seal.
>
> The Clerk of the Court is respectfully directed to terminate ECF 30.
>
> Dated: January 30, 2024
> New York, New York
>
> SO ORDERED
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Via ECF

The Hon. Robyn F. Tarnofsky,
    Daniel Patrick Moynihan Courthouse,
        United States Courthouse,
            500 Pearl Street,,
                New York, NY 10007.

        Re:    *Thales Avionics, Inc.* v. *L3 Technologies, Inc.*,
                   No. 24-cv-112 (JGK) (RFT)

Dear Magistrate Judge Tarnofsky:

        On behalf of Defendant L3 Technologies, Inc. (together with its parent, L3Harris Technologies, Inc., "L3Harris"), and in accordance with Rule III.E of Your Honor's Individual Practices, I respectfully request that the Court permit redactions to certain documents in support of Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction in Aid of Arbitration (the "Motion"). In particular, L3Harris seeks permission to file in redacted form (i) the Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction in Aid of Arbitration (the "Opposition"), dated January 29, 2024; and (ii) the Declaration of Daniel Gittsovich in Support of Defendant's Opposition to a Preliminary Injunction, dated January 29, 2024 (the "Gittsovich Declaration").

        In addition, L3Harris has reviewed the papers filed under seal by Plaintiff in support of the Motion. (*See* ECF Nos. 12-14.) L3Harris has no objection to the filing of Exhibits 1-4, 6-9, and 11-15 appended to the Declaration of Philippe More on the public docket. (*See* ECF Nos. 12-1, 12-2, 12-3, 12-4, 12-6, 12-7, 12-8, 12-9, 12-11, 12-12, 12-13, 12-14, 12-15.) For reasons set forth below, L3Harris respectfully requests that Exhibits 5, 10, and 16 remain under seal and that certain references to these exhibits be permitted to remain redacted in all other papers. (ECF Nos. 12-5, 12-10, 12-16.) L3Harris further requests that the first sentence of paragraph 26 of the Declaration of Philippe More and the redactions on pages 3, 7, and 14 of Plaintiff's memorandum of law in support of the Motion remain under seal. (ECF No. 12 ¶ 26; ECF No. 14 at 3, 7, 14.)

The Hon. Robyn F. Tarnofsky -2-

The Supreme Court recognizes that the public has a presumptive right to inspect "judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* at 119. "Where a document's 'role in the performance of Article III duties' is 'negligible . . . the weight of the presumption is low.'" *Bernstein* v. *Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

Courts in this District recognize that commercially sensitive information, if disclosed, could cause competitive harm. *See Valassis Commc'ns, Inc.* v. *News Corp.*, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("Established factors and values that can outweigh the presumption of public access include . . . business secrecy . . . and privacy interests."); *Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *Tropical Sails Corp.* v. *Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed).

Here, L3Harris respectfully requests that the Court permit Exhibits 5, 10, and 16 to the Declaration of Philippe More (ECF Nos. 12-5, 12-10, and 12-16) to remain under seal to prevent the disclosure of commercially and competitively sensitive information. These exhibits contain highly confidential documents pertaining to an over-$500 million business transaction that has not yet closed. Exhibit 5 contains the Share and Asset Purchase Agreement between L3Harris and a third-party buyer ("Jordan"), which reflects the confidential terms of the transaction, the majority of which are irrelevant to this case. Exhibit 10 contains the draft Membership Interest Purchase Agreement sent by L3Harris to Plaintiff on December 4, 2023 with many of the same confidential terms. Exhibit 16 contains Plaintiff's Request for Arbitration, filed under seal with the International Court of Arbitration of the International Chamber of Commerce on January 16, 2024, which quotes from and describes certain of the confidential terms and conditions described in Exhibits 5 and 10.

Similarly, the first sentence of paragraph 26 of the Declaration of Philippe More (ECF No. 12 ¶ 26) contains analysis of the implied EBITDA multiple for the pending transaction between L3Harris and Jordan that appears to be based on internal confidential management projections. And the redacted material on pages 3, 7, and 14 of Plaintiff's memorandum of law in support of the Motion (ECF No. 14 at 3, 7, 14) is also derived from confidential and commercially sensitive information, including information contained in Exhibits 5, 10, and 16.

The Hon. Robyn F. Tarnofsky -3-

    Unlike documents such as a complaint or a motion for summary judgment, the above-referenced material is not "highly relevant to the exercise of Article III power" and there is not a strong public interest in its disclosure. *Bernstein*, 814 F.3d at 142. This material contains non-public and commercially sensitive information reflecting the terms of a significant business transaction that remains subject to regulatory approvals and other processes before final closing. Details of such confidential and private commercial arrangements should remain under seal, as their disclosure could hamper the competitive position of either or both parties to the deal or either party's ability to negotiate similar deals in the future if the present deal were not to close.

    For the foregoing reasons, L3Harris respectfully requests that the Court permit the Plaintiff's Exhibits 5, 10, and 16 (ECF Nos. 12-5, 12-6, and 12-10) to remain under seal, as well as the first sentence of paragraph 26 of the Declaration of Philippe More (ECF No. 12 ¶ 26) and the redacted material on pages 3, 7, and 14 of Plaintiff's memorandum of law in support of the Motion (ECF No. 14 at 3, 7, 14). L3Harris will file versions of the Opposition and Gittsovich Declaration that apply proposed narrow redactions to information derived from the above-referenced material and other commercially sensitive information regarding businesses involved in the pending transaction. L3Harris respectfully requests that the Court permit the information redacted to remain under seal.

    Respectfully submitted,

    */s/ Thomas C. White*

    Thomas C. White

cc:  All Counsel of Record (By ECF)