# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
JONATHAN MENDES DE OLIVEIRA
BRANDON M. HAMMER
KYLIE N. BARZA
NICKOLAS BOGDANOVICH
MATTHEW G. BRIGHAM
RESIDENT PARTNERS

JUDITH KASSEL
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
CATHERINE S. GRIMM
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
JOSHUA PANAS
CHARITY E. LEE
RESIDENT COUNSEL

D: +1 212 225 2333
memcdonald@cgsh.com

February 1, 2024

<u>Via ECF</u>

Hon. Robyn F. Tarnofsky,
Daniel Patrick Moynihan United States Courthouse,
United States Courthouse,
500 Pearl St.,
New York, NY 10007-1312.

> Plaintiff's application is GRANTED. Plaintiff's Letter, dated February 1, 2024 and corresponding exhibits attached thereto shall remain under seal.
>
> The Court of the Clerk is respfectfully directed to terminate ECF 43.
>
> Dated: February 2, 2024
> New York, NY
>
> SO ORDERED
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re: *Thales Avionics, Inc. v. L3 Technologies, Inc.*, No. 24-cv-112 (JGK)

Dear Magistrate Judge Tarnofsky:

I write on behalf of Plaintiff Thales Avionics, Inc. ("Plaintiff" or "Thales Avionics") pursuant to Rule III.E of Your Honor's Individual Practices to respectfully request leave to file under seal Plaintiff's Letter, dated February 1, 2024 ("Plaintiff's Letter"), in response to the Court's order (ECF No. 41), Exhibit A to Plaintiff's Letter ("Exhibit A"), and Exhibit B to Plaintiff's Letter ("Exhibit B") (collectively, "Confidential Documents").

Exhibit A and Exhibit B are documents that Your Honor ordered to be "treated as highly confidential with disclosure limited to outside counsel's eyes only" once produced by Defendant. ECF No. 41 at 1. Moreover, Defendant moved for its letter referring to and describing some of the contents of Exhibit A and Exhibit B (ECF No. 38) to be filed under seal because it "contains confidential and competitively sensitive information" and because the communications described therein, including Exhibit A and Exhibit B, were "made in connection with a competitive bidding process that has not yet resulted in a final sale." ECF No. 37.

"Established factors and values that can outweigh the presumption of public access include . . . business secrecy . . . and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). Courts have granted motions to seal commercially sensitive information, which, if disclosed, could cause competitive harm. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG)

Hon. Robyn F. Tarnofsky, p. 2

(KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed).  *Cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

       Plaintiff has no objection to filing the Confidential Documents publicly. However, because Your Honor ordered Exhibit A and Exhibit B to be produced for "outside counsel's eyes only," because Defendant maintains that Exhibit A and Exhibit B is a confidential communication that contains competitively sensitive information, and because Plaintiff's Letter describes and refers to the contents of Exhibit A and Exhibit B, Plaintiff respectfully asks that the Court provisionally grant this Motion until Defendant has an opportunity to be heard on whether the Confidential Documents should remain under seal.

## **CONCLUSION**

       Based on the foregoing, Plaintiff respectfully requests that Your Honor enter an Order allowing Plaintiff to file the Confidential Documents under seal.

Respectfully submitted,

Mark E. McDonald

cc:  All Counsel of Record (via ECF)