**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

AMERICAS: NEW YORK, SAN FRANCISCO, SÃO PAULO, SILICON VALLEY, WASHINGTON, D.C.
ASIA: BEIJING, HONG KONG, SEOUL
EUROPE & MIDDLE EAST: ABU DHABI, BRUSSELS, COLOGNE, FRANKFURT, LONDON, MILAN, PARIS, ROME

CRAIG B. BROD, RICHARD J. COOPER, JEFFREY S. LEWIS, PAUL J. SHIM, STEVEN L. WILNER, DAVID C. LOPEZ, MICHAEL A. GERSTENZANG, LEV L. DASSIN, DAVID H. BOTTER, JORGE U. JUANTORENA, DAVID LEINWAND, JEFFREY A. ROSENTHAL, MICHAEL D. DAYAN, CARMINE D. BOCCUZZI, JR., JEFFREY D. KARPF, FRANCISCO L. CESTERO, FRANCESCA L. ODELL, WILLIAM L. MCRAE, JASON FACTOR, JOON H. KIM, ALAN M. LEVINE, MARGARET S. PEPONIS, LISA M. SCHWEITZER, JUAN G. GIRÁLDEZ, DUANE MCLAUGHLIN, CHANTAL E. KORDULA, BENET J. O'REILLY, ADAM E. FLEISHER, SEAN A. O'NEAL, GLENN P. MCGRORY, DEBORAH NORTH, MATTHEW P. SALERNO, MICHAEL J. ALBANO, VICTOR L. HOU, ROGER A. COOPER, LILLIAN TSU, AMY R. SHAPIRO, JENNIFER KENNEDY PARK, ELIZABETH LENAS, LUKE A. BAREFOOT, JONATHAN S. KOLODNER, DANIEL ILAN, MEYER H. FEDIDA, ADRIAN R. LEIPSIC, ELIZABETH VICENS, ADAM J. BRENNEMAN, ARI D. MACKINNON, JAMES E. LANGSTON, JARED GERBER, RISHI ZUTSHI, JANE VANLARE, AUDRY X. CASUSOL, ELIZABETH DYER, DAVID H. HERRINGTON, KIMBERLY R. SPOERRI, AARON J. MEYERS, DANIEL C. REYNOLDS, ABENA A. MAINOO, HUGH C. CONROY, JR., JOHN A. KUPIEC, JOSEPH LANZKRON, MAURICE R. GINDI, KATHERINE R. REAVES, RAHUL MUKHI, ELANA S. BRONSON, MANUEL SILVA, KYLE A. HARRIS, LINA BENSMAN, ARON M. ZUCKERMAN, KENNETH S. BLAZEJEWSKI, MARK E. MCDONALD, F. JAMAL FULTON, PAUL V. IMPERATORE, CLAYTON SIMMONS, CHARLES W. ALLEN, JULIA L. PETTY, HELENA K. GRANNIS, SUSANNA E. PARKER, THOMAS S. KESSLER, JONATHAN MENDES DE OLIVEIRA, BRANDON M. HAMMER, KYLIE N. BARZA, NICKOLAS BOGDANOVICH, MATTHEW G. BRIGHAM
RESIDENT PARTNERS

JUDITH KASSEL, BOAZ S. MORAG, HEIDE H. ILGENFRITZ, ANDREW WEAVER, CATHERINE S. GRIMM, JOHN V. HARRISON, LAURA BAGARELLA, JONATHAN D.W. GIFFORD, DAVID W.S. YUDIN, KARA A. HAILEY, ANNA KOGAN, BRIAN J. MORRIS, CARINA S. WALLANCE, ALEXANDER JANGHORBANI, JOSHUA PANAS, CHARITY E. LEE
RESIDENT COUNSEL

D: +1 212 225 2333
memcdonald@cgsh.com

February 2, 2024

> Plaintiff's application is GRANTED. The confidential documents (ECF Nos. 48 and 50) shall remain under seal.
>
> The Court of the Clerk is respectfully directed to terminate ECF 47.
>
> Dated: February 5, 2024
> New York, NY
>
> SO ORDERED
> /s/ Robyn Tarnofsky
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

<u>VIA ECF</u>

Hon. Robyn F. Tarnofsky,
Daniel Patrick Moynihan United States Courthouse,
United States Courthouse,
500 Pearl St.,
New York, NY 10007-1312.

Re: *Thales Avionics, Inc. v. L3 Technologies, Inc.*, No. 24-cv-112 (JGK) (RFT)

Dear Magistrate Judge Tarnofsky:

I write on behalf of Plaintiff Thales Avionics, Inc. ("Plaintiff") pursuant to Rule III.E of Your Honor's Individual Practices to respectfully request leave to: (1) file under seal Exhibit 1, Exhibit 2, and Exhibit 3 attached to the Declaration of Mark E. McDonald, dated February 2, 2024; and (2) file in redacted form Plaintiff's reply in support of its motion for preliminary injunction in aid of arbitration ("Reply") (collectively, "Confidential Documents").

Exhibit 1 and Exhibit 2 are documents that Your Honor ordered to be "treated as highly confidential with disclosure limited to outside counsel's eyes only" once produced by Defendant. ECF No. 41 at 1. Moreover, Defendant has previously moved for its letter referring to and describing some of the contents of Exhibit 1 and Exhibit 2 (ECF No. 38) to be filed under seal because it "contains confidential and competitively sensitive information" and because the communications described therein, including Exhibit 1 and Exhibit 2, were "made in connection with a competitive bidding process that has not yet resulted in a final sale." ECF No. 37.

Exhibit 3 is also a non-public document that relates to Defendant's efforts to sell its entire avionics business and contains financial information about Defendant's avionics business. Furthermore, in its communications with Plaintiff before this action was filed, Defendant maintained that that all such documents are covered by a Confidential Agreement as

Hon. Robyn F. Tarnofsky, p. 2

of May 24, 2023 between Plaintiff's and Defendant's parent companies, which in turn provides that all documents subject to it should be kept "strictly confidential." ECF No. 12-1 at 1-2.

Finally, the portions of its Reply that Plaintiff moves to redact either describe the content of Exhibits 1-3, or contain information that Defendant considers confidential and commercially sensitive (ECF No. 32). Your Honor previously granted Defendant's application to redact portions of Defendant's Opposition that contained similar types of information. ECF No. 36.

"Established factors and values that can outweigh the presumption of public access include . . . business secrecy . . . and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). Courts have granted motions to seal commercially sensitive information, which, if disclosed, could cause competitive harm. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed). *Cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

Plaintiff has no objection to filing any of these documents publicly. However, given that Exhibit 1 and Exhibit 2 were produced as highly confidential, Exhibit 3 contains non-public financial information about Defendant's business and is of a type that Defendant previously maintained to be confidential, and portions of Plaintiff's Reply refer to those or other documents that have been filed under seal and information that has been redacted in previous filings in this action, Plaintiff respectfully asks that Your Honor provisionally grant this Motion until Defendant has an opportunity to be heard on whether any or all of the Confidential Documents should be kept under seal.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Your Honor enter an Order allowing Plaintiff to file the Confidential Documents under seal.

Dated: New York, New York
February 2, 2024

Respectfully submitted,

*/s/ Mark E. McDonald*

Mark E. McDonald

cc: All Counsel of Record (via ECF)